# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| SABRINA ROPPO, individually and on behalf of others similarly situated, | )<br>)<br>) |
| Plaintiffs, | ) No. 13 C 05569<br>) |
| v. | ) Judge Edmond E. Chang<br>) |
| Travelers Insurance Company, | )<br>) |
| Defendant. | )<br>) |

**MEMORANDUM OPINION AND ORDER**

The present action stems from a personal-injury suit filed by Plaintiff Sabrina Roppo, which is currently pending in Lake County, Illinois. *See* R. 1-2, Def.'s Exh. B, Compl., Exh. D (attaching discovery responses from *Roppo v. Block*, No. 12 L 987, Circuit Court of Lake County). The alleged tortfeasor in that suit is insured by the Defendant, Travelers Commercial Insurance Company,[1] which is providing a defense (Roppo's personal-injury suit is a car-accident case). *See* R. 1, Notice of Removal ¶ 18; Compl. ¶¶ 24-28. In this now-federal lawsuit, Roppo contends that Travelers intentionally concealed the alleged tortfeasor's policy limits by failing to disclose an excess umbrella policy for three months. Roppo seeks to certify a class of "all Illinois persons who made a personal injury motor vehicle

---

[1]Plaintiff names "Travelers Insurance Company" as the defendant in this suit. But, according to Defendants, no such entity exists. Instead, Defendants argue, the alleged tortfeasor's (Jeffrey Block) automobile policy was issued by Travelers Commercial Insurance Company and Block's personal liability umbrella policy was issued by The Travelers Indemnity Company of America. R. 10, Def.'s Mot. Dismiss at 1. Plaintiff does not rebut the assertion, so the Clerk is directed to amend the named Defendants on the docket to be Travelers Commercial Insurance Company and The Travelers Indemnity Company of America.

claims [sic] for accidents occurring after August 12, 1988 and had the Travelers Insurance Company misrepresent and conceal the actual policy limits of tortfeasor by not disclosing the excess or umbrella policy." Compl. ¶ 2 (asserting causes of action for (1) fraudulent concealment and misrepresentation of the policy limits and (2) an implied private right of action for violation of 215 ILCS 5/143.24b). Travelers filed a Notice of Removal of this action from the Circuit Court of Cook County, Illinois, asserting that Roppo's action was removable under the Class Action Fairness Act (also known by its acronym, CAFA). Notice of Removal ¶ 6.

After removing the case to federal court, Travelers moved to dismiss Roppo's Complaint under Federal Rule of Civil Procedure 12(b)(6). R. 9, Mot. Dismiss. For her part, Roppo moves to amend her complaint to add several local defendants (local as in they are Illinois citizens), and moves to remand, asserting that this Court does not properly have jurisdiction under CAFA (or, in the alternative, even if this Court does have jurisdiction, that this Court should decline to exercise jurisdiction). R. 17, Mot. Remand; R. 31, Mot. File Second Am. Compl. Roppo also requests that if this Court determines that Travelers has met its threshold burden for establishing subject matter jurisdiction under CAFA, then she wants permission to amend her complaint and to take limited discovery to resolve factual issues raised by her motion to remand. R. 28, Mot. Permit Discovery at 1. For the reasons discussed below, Roppo's Motion to Amend [R. 31] is granted because it is early in the litigation, and therefore Travelers' Motion to Dismiss [R. 9] is terminated as moot. But the Court does conclude that, even with the amended complaint, the Court has subject matter jurisdiction under CAFA, so Roppo's Motion to Remand [R. 17] is denied. Finally, the Court does not permit Roppo additional discovery: Roppo has

failed to show that the relevant exceptions, 28 U.S.C. §§ 1332(d)(3) or 1332(d)(4), to CAFA jurisdiction are applicable, or that additional discovery is necessary to determine whether one of those CAFA exceptions applies.

## I. Background

Roppo was involved in a car accident and filed a personal-injury suit against Jeffrey Block, the alleged tortfeasor, in a state court action currently pending in Lake County, Illinois. *See* Compl. ¶¶ 24-28; *see also* Compl., Exh. D. Block is insured by Travelers, which is providing a defense in the personal-injury suit. Compl. ¶ 28. Roppo contends that in her personal-injury suit, Block initially failed to disclose an excess Travelers umbrella policy when responding to interrogatories and document requests. *Id.* ¶¶ 26-31. Travelers eventually did disclose and produce the policy, but not until two months after it should have disclosed the policy. *Id.* ¶ 30.

Following this, and before her personal-injury suit was resolved by the Lake County state court, Roppo filed a putative class action in the Circuit Court of Cook County, Illinois, alleging that Travelers fraudulently misrepresented and concealed actual policy limits of insured tortfeasors by not disclosing excess or umbrella policies. Compl. Roppo asserts two causes of action against Travelers: (1) for fraudulent concealment and misrepresentation of the policy limits; and (2) for an implied private right of action under the Illinois Insurance Code, 215 ILCS 5/143.24b. *Id.* ¶¶ 32-38. Roppo defines her putative class as "all Illinois persons who made a personal injury motor vehicle claims [sic] for accidents occurring after August 12, 1988 and had the Travelers Insurance Company misrepresent and

3

conceal the actual policy limits of tortfeasor by not disclosing the excess or umbrella policy." *Id.* ¶ 2.

Travelers timely removed the lawsuit to this Court, asserting that there is federal jurisdiction under CAFA, 28 U.S.C. § 1332, 28 U.S.C. § 1441(a) and (b), and 28 U.S.S. § 1453, because this is a putative class action with more than 100 putative class members who are seeking to recover a total in excess of $5 million and there is minimal diversity. Notice of Removal ¶ 6. Shortly after removing the lawsuit, Travelers filed a motion to dismiss this action in its entirety under Rule 12(b)(6), arguing that Roppo's fraud claim fails because she does not plead either reliance or damage, and that Roppo's claim under 215 ILCS 5/143.24b fails because Roppo did not allege facts that would give rise to a statutory violation and because there is no private right of action under the statute. R. 10, Def.'s Mot. Dismiss Br. at 6-13.

Before Travelers' Motion to Dismiss was fully briefed, Roppo filed two motions of her own: a Motion for Leave to File an Amended Complaint [R. 15] and a Motion to Remand [R. 17]. Then Roppo filed yet another motion, a motion to file a proposed "Second" Amended Complaint [R. 31] (this motion was filed before a decision on whether Roppo could file a "first" Amended Complaint). The Second Amended Complaint adds two new defendants—Jason Hitchings (Block's attorney in the Lake County personal-injury suit) and Maisel & Associates (the law firm at which Hitchings works). Mot. File Second Am. Compl. at 1.[2] In her Motion to Remand, Roppo argues that the Defendants that she seeks to add via amendment to her complaint are "significant local defendants" and, therefore, that the "local

---

[2]Because Travelers does not contest Roppo's request to withdraw her First Amended Complaint, Roppo's motion to file a First Amended Complaint, R. 15, is terminated as withdrawn.

4

controversy" exception under 28 U.S.C. § 1332(d)(4)(A) requires remand. Mot. Remand at 2-3. At the very least, Roppo argues, the Court should decline jurisdiction under § 1332(d)(3). Roppo, moreover, argues that Travelers has failed to meet its burden of showing that the putative class consists of over 100 members and the amount in controversy exceeds $5 million, and, therefore, that jurisdiction under CAFA, 28 U.S.C. § 1332, does not apply. R. 26, Pl.'s Reply Mot. Remand.

## II. Analysis

### 1. Joinder of Additional Defendants

First, the Court grants Roppo leave to file her Second Amended Complaint, which adds Defendants Hitchings and Maisel & Associates. "[W]hen a party has been joined after the case has been removed to federal court, the court should apply 28 U.S.C. § 1447—which addresses post-removal procedures—in lieu of Rule 15." *Bostrom v. Target Corp.*, No. 06-cv-1628, 2006 WL 3370176, at *1 (N.D. Ill. Nov. 21, 2006). Section 1447(e) states that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447. District courts, at their discretion, may "dismiss a nondiverse party to retain diversity jurisdiction." *Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1492 (7th Cir. 1996). To decide whether the post-removal joinder of a nondiverse party is appropriate, the Court should consider the following factors: "(1) the plaintiff's motive for seeking joinder, particularly whether the purpose is to defeat federal jurisdiction; (2) the timeliness of the request to amend; (3) whether the plaintiff will be significantly injured if joinder is not allowed; and (4) any other

5

relevant equitable considerations." *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 759 (7th Cir. 2009).

Roppo seeks to add two additional defendants in her Second Amended Complaint, contending that "these new defendants are not new to this case as their misconduct was intentionally detailed and alleged in the original complaint. The only thing that changes in the amended complaint is their status as named defendants." Pl.'s Reply Mot. Remand at 11. As Travelers points out, it appears likely that Roppo's primary purpose for adding these defendants "is to attempt remand under the local controversy exception." R. 20, Def.'s Resp. Mot. Remand at 11. As this Opinion discusses later, however, joinder of these two defendants will *not* destroy subject matter jurisdiction because the local-controversy exception does not apply. Given the early stage in the litigation at which Roppo seeks to join these additional parties (so there is no prejudice to Travelers arising from delay or any other reason), their relevance to the underlying action, and the fact that their presence will not defeat federal jurisdiction, joinder is appropriate under 28 U.S.C. § 1447. *See Schur*, 577 F.3d at 759.

**2. Motion to Dismiss**

Because this Court has granted Roppo leave to file her Second Amended Complaint, Travelers' Motion to Dismiss [R. 9] is terminated as moot. It would not be appropriate to consider Travelers' Motion to Dismiss before the additional added defendants have been served (let alone secured legal representation). If, after the additional defendants have been served, Travelers wishes to move to dismiss (which it probably will), it may do so at that time and on a schedule that is coordinated with the newly added defendants.

6

### 3. CAFA Jurisdiction

With regard to the question of subject matter jurisdiction, the Court considers first whether CAFA provides jurisdiction over this action. If there is jurisdiction under CAFA, then the next question is whether remand may nevertheless be appropriate or required under the local-controversy exception to CAFA, 28 U.S.C. §§ 1332(d)(3) and (d)(4). As discussed below, Travelers has met its burden of establishing CAFA's requirements for jurisdiction. Because Roppo has not met her burden of showing that either § 1332(d)(3) or d(4) applies, jurisdiction is proper and the motion to remand is denied.

### A. Jurisdiction Under CAFA

An action filed in state court may generally be removed to federal court only if the action originally could have been brought in federal court. 28 U.S.C. § 1441(a). Courts must interpret the removal statute narrowly and resolve any doubts that persist regarding the propriety of removal in favor of the plaintiff's choice of forum in state court. *Schur*, 577 F.3d at 758. CAFA enacts special rules governing removal of class actions. CAFA provides that a defendant may remove a class action to federal district court so long as a number of procedural requirements are met and there is minimal diversity of citizenship among parties to the action. *See* 28 U.S.C. § 1332(d)(2). As relevant to this lawsuit, in order to trigger CAFA jurisdiction, the proposed class must be comprised of 100 or more persons and the total amount in controversy must exceed $5 million. *See* 28 U.S.C. § 1332(d)(2), (5)(B), (6); *see also Illinois v. AU Optronics Corp.*, 794 F. Supp. 2d 845, 848-49 (N.D. Ill. 2011). As the Seventh Circuit has explained, CAFA did not alter the established legal rule that the proponent of federal jurisdiction bears the burden of establishing removal

jurisdiction. *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005). Nor did CAFA displace the principle that a plaintiff is the master of its complaint and may choose to structure its claims to "remain outside of CAFA's grant of jurisdiction." *Anderson v. Bayer Corp.*, 610 F.3d 390, 393 (7th Cir. 2010).

Roppo contests, for the first time in her Reply to Travelers' Response in Opposition to Plaintiff's Motion to Remand and Plaintiff's Motion for Leave to File an Amended Complaint, that Travelers has not met its burden to establish subject matter jurisdiction. Pl.'s Reply Mot. Remand at 2-3 (citing *Brill*, 427 F.3d at 447-48, and *Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761 (7th Cir. 2011)). Specifically, Roppo contends that Travelers has not proven that there are more than 100 putative class members, or that the class seeks to recover more than $5 million. *Id.* at 2-6. The Court disagrees: Travelers has met its burden of proving both of those requirements.

First, Roppo *herself* describes the size of the class to be "approximately 500 persons." R. 31-7, Second Am. Compl. ¶ 22. In its Notice of Removal, Travelers relies on this statement in seeking to establish that federal jurisdiction is proper under CAFA. *See* Notice of Removal ¶ 10. Here, where the Plaintiff has described the size of the class to be approximately five times that necessary to meet the size requirement of § 1332(d)(5), and there is no basis in the record that the Plaintiff's estimate was incorrect, Travelers' has satisfied the class-number requirement of § 1332(d)(5). What's more, the proposed class stretches back in time to 1988, and spans forward to the present, so the class covers a 25-year period of time. *Cf. Cavin v. Home Loan Ctr., Inc.*, 236 F.R.D. 387, 391 (N.D. Ill. 2006) (noting that the "plaintiff does not have to provide exact numbers because a class action may

8

proceed based upon an estimated class size"); *cf. also Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1349 (2013) (explaining that for jurisdictional purposes, the Court may only examine the case "as of the time it was filed in state court," and therefore must rely on the complaint (internal quotation marks and citation omitted)); *Brill*, 427 F.3d at 448 (noting that "suits are removed on the pleadings, long before evidence or proof have been adduced" (internal quotation marks omitted)).

Similarly, Roppo argues that Travelers has provided insufficient proof of the amount in controversy to meet CAFA's $5 million threshold requirement. Roppo Reply Mot. Remand at 4-5. When a complaint (like Roppo's) does not specify the amount of damages sought, then the removing party need only supply a "good-faith estimate" of the amount in controversy that is "plausible and adequately supported by the evidence. . . . Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5 million, the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much." *Blomberg*, 639 F.3d at 763-64 (citation omitted). Roppo did not provide any damages estimate, and Travelers' calculation of the damages appears to be based on Roppo's own assumptions: Roppo has asserted that the putative class members' damages may include the difference between a class member's actual damages sustained as a result of a serious motor-vehicle accident and the "substantially" lower amount the class member received from Travelers to settle the putative class member's claim. As Roppo contends, this substantially lower amount was equal to the policy limit of the underlying motor-vehicle policy. From 1988 to the present, this would have been either a combined single limit of at least $300,000 (or a split limit of

9

$250,000/$500,000/$50,000) or $500,000 (or a split limit of $500,000/$500,000/$100,000). R. 1-1, Def.'s Exh. A, Hafner Decl. ¶ 6. Therefore, as Travelers estimates, each putative class member would have settled his or her claim for either $300,000 or $500,000 (the maximum personal limit), which would mean that "[e]ven if the alleged additional damages of each putative class member were as small as $10,000, then the aggregate damages for the putative class would nevertheless exceed the requisite amount of $5 million (*i.e.*, 500 x $10,000 = $5 million)." R. 39, Def.'s Surreply at 4. In the context of $500,000 personal-liability policies with $1 million umbrella policies, Travelers' estimate of an average $10,000 damages per putative class member (multiplied by Roppo's own estimated class size) constitutes a good-faith estimate of the amount in controversy. *Blomberg*, 639 F.3d at 763. Just as importantly, Roppo has not shown that $5 million is a *legally impossible* amount of recovery. *Id.* at 764. If even a subset of the class members were seriously injured in the accidents and thus would have demanded settlements at the maxima of the umbrella policies, then the amount-in-controversy requirement would be satisfied. Therefore, the Court concludes that Travelers has met the $5 million bar for asserting jurisdiction under CAFA.

Roppo nevertheless argues that this Court may, or, in the alternative, must, decline to exercise jurisdiction under the discretionary and mandatory exceptions to CAFA jurisdiction, respectively 28 U.S.C. §§ 1332(d)(3) (discretionary) and (d)(4)(A)(i) (mandatory). Turning first to the mandatory exception, under CAFA, a district court *must* decline to exercise jurisdiction over a class action in which:

10

> **(I)** greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;
>
> **(II)** at least 1 defendant is a defendant—
>
>> **(aa)** from whom significant relief is sought by members of the plaintiff class;
>>
>> **(bb)** whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and
>>
>> **(cc)** who is a citizen of the State in which the action was originally filed; and
>
> **(III)** principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed . . . .

28 U.S.C. § 1332(d)(4)(A)(i)(I)-(III). It is the plaintiffs who bear the burden of establishing, by a preponderance of the evidence, that one of the CAFA exceptions applies and that the federal court either should or must remand the action to the state court. *Hart v. FedEx Ground Package Sys. Inc.*, 457 F.3d 675, 676 (7th Cir. 2006).

Roppo argues that § 1332(d)(4)(A)(i)(II)'s "local controversy" exception requires this Court to decline to exercise jurisdiction. Assuming for the moment that greater than two-thirds of the members of the putative plaintiff class are Illinois citizens, Roppo still cannot meet the requirements of § 1332(d)(4)(A)(i)(II). The local-controversy exception is narrow, "with all doubts resolved in favor of exercising jurisdiction over the case." *Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1163 (11th Cir. 2006) (internal quotation marks and citation omitted). As the Seventh Circuit has recognized, the legislative history of CAFA emphasized "a strong preference that interstate class actions should be heard in a federal court if

properly removed by any defendant." *Hart*, 457 F.3d at 681 (internal quotation marks and citation omitted). Roppo has not sufficiently shown that either of the Illinois defendants, Hitchings and Maisel & Associates, "is a defendant from whom significant relief is sought by members of the plaintiff class [and] whose alleged conduct forms a significant basis for the claims asserted." 28 U.S.C. § 1332(d)(4)(A)(i)(II)(aa)-(bb). First, a defendant who allegedly injures only one member of the putative class, or injures less than a significant portion of the class, is insufficiently "significant" to establish that the local defendants' conduct forms a "significant" basis of the asserted class claims. *Opelousas Gen. Hosp. Auth. v. Fairpay Solutions, Inc.*, 655 F.3d 358, 362 (5th Cir. 2011) (holding that the local-defendant exception did not apply where the plaintiff failed to show that the local defendant's conduct affected "all or a significant portion of the putative class"); *Evans*, 449 F.3d at 1167 (similarly refusing to extend the exception where the plaintiff did not show that "a significant number or percentage of putative class members" had claims against the local defendants); S. Rep. 109-14, at 40 (2005) (noting that "the local defendant must be a primary focus of the plaintiffs' claims—not just a peripheral defendant. The defendant must be a target from whom significant relief is sought by the class (as opposed to just a subset of the class membership)"). In her Motion to Remand, Roppo alleges only the local defendants made "misrepresentations to Plaintiff Roppo," alleging that they "*conceivably* made similar representations to putative class members," but without providing a basis to conclude that the Illinois defendants made the representations to a significant portion of the 25-year-spanning class. Mot. Remand at 2-3 (emphasis added). This is insufficient to meet Roppo's burden. In order to invoke the exception to CAFA

jurisdiction, it is up to Roppo to show that the conduct of Hitchings and Maisel & Associates "forms a significant basis for the claims asserted," or that "significant relief" will be sought from the Illinois defendants. 28 U.S.C. § 1332(d)(4)(A)(II)(aa)-(bb). It may well be that the local defendants were more than isolated role players, and that their conduct affected "all or a significant portion of the putative class"—but Roppo has provided no evidence that this is the case. Consequently, the local-controversy exception to CAFA jurisdiction does not apply.

Roppo argues, in the alternative, that this Court should, in the interest of justice, decline to exercise jurisdiction under 28 U.S.C. § 1332(d)(3). The discretionary exception says that the federal court "may, in the interests of justice . . . decline to exercise jurisdiction:"

> over a class action in which greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the *primary defendants* are citizens of the State in which the action was originally filed based on consideration of—
>
> **(A)** whether the claims asserted involve matters of national or interstate interest;
>
> **(B)** whether the claims asserted will be governed by laws of the State in which the action was originally filed or by the laws of other States;
>
> **(C)** whether the class action has been pleaded in a manner that seeks to avoid Federal jurisdiction;
>
> **(D)** whether the action was brought in a forum with a distinct nexus with the class members, the alleged harm, or the defendants;
>
> **(E)** whether the number of citizens of the State in which the action was originally filed in all proposed plaintiff classes in the aggregate is substantially larger than the number of citizens from any other State, and the citizenship of the other members of the proposed class is dispersed among a substantial number of States; and

13

**(F)** whether, during the 3-year period preceding the filing of that class action, 1 or more other class actions asserting the same or similar claims on behalf of the same or other persons have been filed.

28 U.S.C. § 1332(d)(3) (emphasis added). So this exception provides the Court with discretion to decline jurisdiction "over a class action in which greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate *and the primary defendants* are citizens of the State in which the action was originally filed." *Id.* (emphasis added). Put another way, in order for the discretionary exception to apply at all, the "primary" defendants must be the Illinois defendants. But as discussed earlier, the record does not bear out that the local defendants—Hitchings and Maisel & Associates—are the "primary" defendants with regard to the class as a whole: it follows that if Roppo has failed to show that the Illinois defendants are "significant" under § 1332(d)(4)(A)(i), then the Illinois defendants cannot be the "primary defendants." *See Caruso v. Allstate Ins. Co.*, 469 F. Supp. 2d 364, 369 (E.D. La. 2007) (concluding that although "the term 'primary defendants' is not defined anywhere in CAFA," ordinary principles of statutory interpretation suggest that a "significant defendant is of less importance than a primary defendant"). Travelers is the primary defendant. Travelers, however, is a citizen of Connecticut. R. 1-3, Def.'s Exh. C, Kolios Decl. ¶ 4. The discretionary exception has not been triggered.

In light of that conclusion, discovery is not needed to determine the ratio of Illinois to non-Illinois citizens, as Roppo requests. Mot. Permit Discovery. Accordingly, the motion for discovery is denied.

## IV. Conclusion

For the reasons stated above, Roppo's Motion to Remand [R. 17] and Motion to Permit Limited Discovery [R. 28] are both denied. Roppo's Motion for Leave to File a Second Amended Complaint [R. 31] is granted, and, consequently, Travelers' Motion to Dismiss [R. 9] is terminated as moot. At the August 5, 2014 status hearing, the Court will inquire about service of process on the new defendants (in particular, whether Travelers' counsel will be representing them and will accept service), and will set an answer or response deadline to the Second Amended Complaint.

ENTERED:

    s/Edmond E. Chang    
Honorable Edmond E. Chang
United States District Judge

DATE: August 1, 2014